# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN RODRIGUEZ-GUERRERO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-17-4

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Rodriguez-Guerrero pleaded guilty to conspiracy to possess, with intent to distribute, 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846. He was sentenced, within the advisory sentencing range of the Sentencing Guidelines, to 57 months' imprisonment.

Rodriguez contends the court committed procedural error by failing to award a reduction for a mitigating role, pursuant to Guideline § 3B1.2

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

(granting a four-point reduction for "minimal" participation, a two-point reduction for "minor" participation, and a three-point reduction for cases "in between").  He also asserts his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Although he raised his procedural-error challenge in district court, Rodriguez did not raise his substantively-unreasonable challenge; therefore review for that second issue is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Rodriguez must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Regarding the procedural-error issue, whether Rodriguez was a minor or minimal participant, as claimed in district court, is a factual finding; therefore, the denial of the reduction is reviewed for whether the finding was clearly erroneous.  *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).  Rodriguez assisted with the transport of a large shipment of marijuana.  *See United States v. Perez-Solis*, 709 F.3d 453, 471 (5th Cir. 2013) (defendant's participation in the offense should be determined based on the conduct for which he was held accountable, rather than the criminal enterprise as a whole).  He conspired with others to possess, with the intent to distribute, more

than 100 kilograms of marijuana.  Because Rodriguez' role was not minor or minimal with regard to his discrete offense, he fails to establish the finding was clearly erroneous.  *See id*.

Regarding our plain-error review for the challenge to the substantive reasonableness of the sentence, within-Guidelines sentences are presumptively reasonable.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  The court considered Rodriguez' contentions in mitigation, assertions for a mitigating role reduction, the § 3553(a) sentencing factors, and the Guidelines, before concluding a 57-month sentence was appropriate.  Rodriguez' assertion the court should have imposed a lesser sentence merely reflects his disagreement with its propriety.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  He has not shown sufficient reason to disturb the presumption of reasonableness applicable to his sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.